NEXTECH, INC., a Delaware
corporation, Plaintiff–
Appellee,

v.

AMAZON NATURAL TREASURES,
INC., a Nevada corporation,
Defendant–Appellant

No. 00–15579.
D.C. No. CV–98–01622–DWH (LRL).

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2001.[1]

Decided Sept. 18, 2001.

Before POLITZ,[2] W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM [3]

Amazon Natural Treasures appeals the district court's grant of summary judgment to Nextech, Inc. The district court ordered Amazon to register the transfer of 224,000 shares of Amazon to Nextech. Ruling on a motion for damages for unreasonable delay, the district court also awarded Nextech $98,000 in losses and $45,130.13 in attorney's fees. For the reasons assigned, we reverse.

## BACKGROUND

In July 1995, Amazon issued a certificate for certain restricted investment secu-

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rities to Charles Kricfalusi. Amazon contends that the securities were to be "voting only" stock which could not be traded, sold, negotiated, pledged or transferred. Upon the happening of such an event, the stock was to be immediately cancelled and all rights to the stock further terminated. The stock certificate carried no valid endorsement, was not signed by any officer of Amazon, and contained a specific Rule 144 restriction statement. Some time later, Kricfalusi transferred 224,000 Amazon shares to his wife, Wanda Kricfalusi. The certificate for those shares was issued by Amazon's transfer agent, Fidelity Transfer Company. The stock certificate issued to Wanda Kricfalusi contains two dates: December 4, 1997 and March 27, 1996.

Nextech filed the instant action seeking to compel transfer of the 224,000 shares, alleging they had been pledged to Nextech as security for a loan which it had extended to Wanda Kricfalusi. The trial court issued a permanent injunction requiring Amazon to register and transfer the 224,000 shares of stock to Nextech. The court denied Amazon's request for additional discovery.

Amazon filed a Motion to Vacate Court Order, based on new evidence, namely an expert's report that there was a forged date on the stock certificate issued to Wanda Kricfalusi. The district court treated the motion as a Motion for Reconsideration and denied the motion stating that "no showing has been made requiring reconsideration...." The court then found that Amazon's failure to comply with its initial order constituted contempt of court and ordered that Amazon was to register the transfer within 11 days and pay all attorneys fees, costs, and losses incurred by Nextech. Amazon transferred the stock to Nextech and timely appealed.

## ANALYSIS

We review grants of summary judgment *de novo*. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact.[4] Viewing the evidence presented in this case in the light most favorable to Amazon, we find that there are herein genuine issues of material fact. Summary judgment, therefore, was inappropriate.

Amazon presented evidence that Nextech could not be a bona fide purchaser of stock for the purpose of transfer under Nev.Rev.Stat. 104.8401. Specifically, Amazon offered a contract which stated that the shares which were issued to Charles Kricfalusi were restricted stock which could not properly be transferred to Wanda Kricfalusi. Nextech admittedly was aware, at a minimum, of the Rule 144 restriction which appeared on the face of the stock. There remains a question of fact whether Nextech was under a duty to raise and/or consider adverse claims which arose under prior contracts. Moreover, under 104.8401, the instruction to transfer and the endorsement on the certificate were to have been made by an officer of Amazon. That was not done. Additionally, although under applicable law a restricted security can be resold without restriction by a non-affiliate of the issuer beginning two years after the acquisition of the security, this two-year holding period does not commence until the purchase price or "other consideration" is paid or given for the securities. Amazon offered evidence demonstrating a material issue of fact whether the such consideration had been given by Kricfalusi. It also presented evidence that the date of transfer which

**4.** *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th    Cir.2000) (en banc).

appeared on the certificate may have been forged in order to comply with the two-year requirement. This evidence also raises an issue of material fact whether Nextech, as pledgee, took the stock subject to the prior contractual restrictions.

A question of fact also remains as to whether Nextech could have acquired a security interest in these stocks because they may have been transferred wrongfully. Viewing the evidence in the light most favorable to Amazon, as is now required, it appears that the lack of proper endorsement on the certificate, the potential forgery of the date on the certificate, and the prior contractual restrictions on transfer of the securities, separately and/or together, made the certificate issued to Wanda Kricfalusi ineffective. If so, Nextech cannot be a protected purchaser of the stock within the meaning of Nev.Rev.Stat. 104.8303. Additionally, Nextech presented no evidence of the furnishing of value for the pledge in this case. As Amazon correctly notes, there is no evidence in the record of a loan between Nextech and Wanda Kricfalusi outside of the bare allegations made in Nextech's complaint.

Accordingly we find that the district court erred in granting summary judgment. Consequently, the district court's grant of sanctions against Amazon also was inappropriate and is therefore vacated.

For the reasons assigned, the judgment appealed is REVERSED and the matter is REMANDED for further proceedings not inconsistent herewith.